UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DION VINCENT HOOKS,<br><br>　　　　　　　Defendant. | Case No. CR16-186RSL<br><br>ORDER DENYING<br>EMERGENCY MOTION FOR<br>TEMPORARY RELEASE<br>FROM CUSTODY |

　　This matter comes before the Court on defendant's "Emergency Motion for Temporary Release from Custody." Dkt. # 99. The government opposes defendant's motion on several grounds. Dkt. # 100. For the reasons articulated below, the motion is DENIED.

　　Defendant Dion Vincent Hooks is a federal prisoner who pleaded guilty and was sentenced before this Court, Dkt. ## 63, 94, but is currently in custody at FCI Sheridan, the Federal Correctional Institution in Sheridan, Oregon. Defendant moves the Court for an order directing the Bureau of Prisons (BOP) to temporarily release him so he can attend his grandmother's funeral. In support of his motion, defendant cites 18 U.S.C. § 3622, which grants BOP discretion to temporarily release certain prisoners for the purpose of, among other things, "attending a funeral of a relative." Id. § 3622(a)(2). As the government accurately points out, however, § 3622 does not empower federal courts to temporarily release prisoners. The statute leaves those release decisions solely with BOP. See United States v. Morris, No. CR10-081-

ORDER DENYING MOTION FOR TEMPORARY RELEASE - 1
*United States v. Hooks*, CR16-186RSL

LRS, 2012 WL 1579538, at *1 (E.D. Wash. May 4, 2012) (rejecting defendant's emergency request for release, and explaining that § 3622 dictates "[d]efendant must seek relief from BOP"); United States v. Rayonez, No. CR10-288-LOA, 2010 WL 2690622, at *1 (D. Ariz. Jul. 6, 2010) (denying motion for temporary release, and noting that § 3622 grants "BOP . . . express statutory authority to [temporarily] release a prisoner from imprisonment"). Furthermore, BOP determinations under § 3622 are not reviewable in this Court. Reeb v. Thomas, 636 F.3d 1224, 1226 (9th Cir. 2011) (explaining that substantive BOP decisions under §§ 3621–3624 are "not reviewable by the district court"). Insofar as defendant challenges BOP's refusal thus far to temporarily release him, the Court also lacks statutory authority to review that refusal. See id.

To the extent defendant challenges the conditions of his confinement, that action is not properly brought as a motion in this Court where defendant was sentenced, but should instead take the form of an action against the custodian holding him. Precedent does not speak clearly on whether a federal prisoner's conditions-of-confinement suit may be brought as a habeas corpus action under 28 U.S.C. § 2241, or should instead take the form of a federal civil rights action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). See Aamer v. Obama, 742 F.3d 1023, 1036–38 (D.C. Cir. 2014) (discussing diverging approaches). Either way, should defendant seek to challenge the conditions of his confinement, the proper venue for an action against the custodian holding him is the District of Oregon where FCI Sheridan is located. See 28 U.S.C. § 1391(b); Sholars v. Matter, 491 F.2d 279, 281 (9th Cir. 1974).

For the foregoing reasons, defendant's motion is DENIED.

DATED this 19th day of September, 2017.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RELEASE - 2
*United States v. Hooks*, CR16-186RSL